# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE:                                              Chapter 11

      AHIA TAXI, INC.,

                                                   CASE NO.: 22-10987-MEW

Debtor.

## DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN

Thomas A. Farinella, Esq.
Law Office of Thomas A. Farinella, P.C.
Attorney for the Debtor Ahia Taxi Corp.
260 Madison Avenue, 8th
New York, New York 10016
tf@lawtaf.com

# BACKGROUND

## A. Description and History of the Debtor's Business

Ahia Taxi, Inc., the ("Debtor") is a corporation located at 3089 Decatur Avenue, Bronx, New York 10467. The Action stems from a dramatic decline in the value of the taxi medallions, which constituted the collateral of the BGW Holdings, LLC ("Lender") loan. This decline resulted from the proliferation of mobile applications such as Uber and Lyft and the subsequent refusal of BGW Holdings, LLC, as well as many other medallion lenders to extend, refinance or modify the loan guaranteed by the Debtor at or before the balloon maturity date without the contribution of additional collateral. Furthermore, the COVID-19 Pandemic exacerbated an already declining market decimating the Yellow Taxi-Cab industry. The Debtor filed this Sub Chapter V Chapter 11 Bankruptcy case on July 18, 2022, in order to reach fair and equitable, feasible terms of settlement, within the context of a Sub Chapter V Chapter 11 Plan of Reorganization.

**Background for Cases Filed Under Subchapter V**

## A. Description and History of the Debtor's Business

The Debtor is a corporation, who operates a taxicab, with the referenced taxi medallion, #7B50 from May 24, 2017, to present. Due to the pandemic the Debtor was severely affected as a taxicab driver. As a proximate cause of the pandemic the Debtor filed this case to facilitate a resolution with the Lender.

## B. Liquidation Analysis

1. To confirm the Plan, the Court must find that all creditors who do not accept the Plan will receive at least as much under the Plan as such claim receive in a chapter 7 liquidation. The Debtor proposes a 100% payment to all his undisputed creditors, under his proffered liquidation analysis.

2. The Debtor has the ability to satisfy the terms of this plan and operate without further reorganization. The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan lump sum payments and operate the debtor's business. Based on the earnings of the last several months it is unlikely they would be able to satisfy the Plan from disposable earnings. However, the Debtor has obtained monies from third parties to fund the Plan of which a portion is being held in escrow.

## Article 1: Summary

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay to the creditors of Ahia Taxi, Inc., (the "Debtor"), the value of the medallion, on date to the filing, in the amount of $135,000.00 and $10,000.00 in costs.

This Plan provides for:

(1) class of secured claims which is disputed;
(1) class of nonpriority unsecured clams; and
(1) class of equity interest.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

## Article 2: Classification of Claims and Interests

**2.01  Class 1** shall consist of secured claim of the creditor, of BGW Holdings, LLC ("Lender"), the Debtor shall pay to the Lender the total sum of ONE HUNDRED FORTY FIVE THOUSAND DOLLARS ($145,000.00) (the "Settlement Amount") as follows: (i) $109,000.00 (the "Initial Payment") upon the entry of the confirmation order by the Bankruptcy Court (the "Order Date"), which amount includes $30,000.00 from the Medallion Relief Program, and (ii) $36,000.00 within ninety (90) days of the confirmation order. The payments as set forth herein are in full satisfaction of the Class I claim and in full satisfaction of Debtor's secured obligations under the claim. The Debtor will be retaining medallion #: 7B50.

**2.02  Class 2** All non-priority unsecured claims allowed under § 502 of the Code consists of one proof of claim filed by Capital One Bank (USA) by American InfoSource as agent, in the amount of $2,434.82.

**2.03  Class 3** Interest Holder will retain their interests in the Debtor.

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

**3.01  Unclassified claims**

Under section 1123(a)(l), administrative expense claims are not in classes.

**3.02  Administrative expense claims**

Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**3.03   Priority tax claims**

Each holder of a priority tax claim will be paid in full, over 60 months form the moment of filing, with the applicable statutory rate. The Debtor is not aware of any tax claims, priority or otherwise.

**3.04   Statutory fees**

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

**3.05   Prospective quarterly fees**

There are no quarterly fees applicable under Sub Chapter V Chapter 11.

### Article 4: Treatment of Claims and Interests Under the Plan

**4.01 Claims and interests shall be treated as follows under this Plan:**

**Class 1-** shall consist of secured claim of the creditor, of BGW Holdings, LLC ("Lender"), the Debtor shall pay to the Lender the total sum of ONE HUNDRED FORTY FIVE THOUSAND DOLLARS ($145,000.00) (the "Settlement Amount") as follows: (i) $109,000.00 (the "Initial Payment") upon the entry of the confirmation order by the Bankruptcy Court (the "Order Date"), which amount includes $30,000.00 from the Medallion Relief Program, and (ii) $36,000.00 within ninety (90) days of the confirmation order. The payments as set forth herein are in full satisfaction of the Class I claim and in full satisfaction of Debtor's secured obligations under the claim. The Debtor will be retaining medallion #: 7B50.

**Class 2 -** All non-priority unsecured claims allowed under § 502 of the Code consists of one proof of claim filed by Capital One Bank (USA) by American InfoSource as agent, in the amount of $2,434.82 and paid in full upon confirmation to the Class II claimant in full satisfaction of Debtor's unsecured obligations under the claim.

**Class 3 -** Interest Holder will retain their interests in the Debtor.

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed claim**

A disputed claim is a claim that has not been allowed or disallowed [by a final 11011- appealable order], and as to which either:
(i)     a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection- Both the secured and unsecured proofs of claim filed by the creditor and is identified as such, herein.
(ii)    no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated herein.

**5.02    Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed.

**5.03    Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

There are no assumed executory contracts or unexpired leases of this Debtor.

### Article 7: Means for Implementation of the Plan

The funds required for confirmation and the payment of claims required to be paid on the Effective Date, shall be provided by the Debtor and the Reorganized Debtor from the Debtor's employment as a taxicab driver and from third parties, commencing on the effective date of the plan.

### Article 8: General Provisions

**8.01    Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**8.02    Effective date**

The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03    Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04    Binding effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

### 8.05    Captions

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### 8.06    Controlling effect

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

### 8.07 Retention of Jurisdiction

Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.

### Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in§ 1141(d)(l)(A) of the Code. The Debtor will not be discharged from any debt:

(i)     imposed by this Plan; or
(ii)    excepted from discharge under§ 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under 119l(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan. The Debtor will not be discharged from any debt excepted from discharge under§ 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated: New York, New York
      April 18, 2023

                                        */s/ Shahan Shah Ahia*
                                        Ahia Taxi, Inc.

                                        */s/Thomas A. Farinella*
                                        Law Office of Thomas A. Farinella, P.C.
                                        Attorney for the Debtor Ahia Taxi, Inc.
                                        260 Madison Avenue, 8th
                                        New York, New York 10016
                                        tf@lawtaf.com